UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROXPROPS, LLC,<br>    Plaintiff,<br><br>v.<br><br>HARLEYSVILLE PREFERRED INS. CO.<br>    Defendant. | Civil Action No. 12cv10481 |

## COMPLAINT

This complaint asserts a claim of violation of the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA").

## PARTIES

1. The Plaintiff, RoxProps, LLC ("ROXPROPS"), is a domestic limited liability company with an address at PO BOX 76, Brookfield, Massachusetts, 01506.

2. The Defendant, Harleysville Preferred Insurance Company ("HARLEYSVILLE"), is an insurance company doing business in the Commonwealth with an address of 355 Maple Avenue, Harleysville, Pennsylvania, 19438.

## FACTS

3. Prior to February 6, 2012, HARLEYSVILLE provided ROXPROPS with insurance for 35-37 Juniper Street, Roxbury, Massachusetts ("PROPERTY").

4. Prior to February 6, 2012, HARLEYSVILLE sent a notice of intention to cancel the insurance for the PROPERTY.

5. On or about February 6, 2012, ROXPROPS informed HARLEYSVILLE, through its agent, that the individuals residing at the PROPERTY were disabled and that to deny insurance based upon their congregate living arrangement as a family of choice would be discriminatory.

6. HARLEYSVILLE cancelled ROXPROPS insurance for the PROPERTY effective March 2, 2012 stating, "Increase in hazard initially classed as a 2 family, however tenancy is that of a halfway house for people recovering from drug and alcohol additions."

7.  Recovery Educational Services, Inc. ("RES") leases from ROXPROPS and operates a sober house for recovering alcoholics and drug users at the PROPERTY which is the subject of this complaint.

8.  RES houses disabled persons, as "disability" or "handicap" is defined under the Fair Housing Act and ADA.

## COUNT I
## (Fair Housing Act)

9.  Plaintiff incorporates by reference and restates herein paragraphs 1 through 8 *supra*.

10. 42 U.S.C. Section 3601(f)(1) declares it unlawful to discriminate in the sale, or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of - - (A) that buyer or renter; (B) a person residing and intending to reside in that dwelling after it is sold, rented or made available; or (C) any person associated with that buyer or renter.

11. 42 U.S.C. Section 3601(f)(2) declares it unlawful to discriminate against any person . . . in the provision of services or facilities in connection with such dwelling, because of a handicap of - - (A) that person; (B) a person residing and intending to reside in that dwelling after it is sold, rented or made available; or (C) any person associated with that person.

12. 42 U.S.C. Section 3601(f)(3)(B) provides that "discrimination includes . . . a refusal to make reasonable accommodations in rules, policies or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."

13. 24 C.F.R. Section 100.70 states, "[r]efusing to provide . . . property or hazard insurance for dwellings or providing such services or insurance differently because of . . . handicap" is conduct prohibited by 42 U.S.C. Section 3604.

14. HARLEYSVILLE has refused to provide standard property insurance at ordinary rates to ROXPROPS because ROXPROPS leases the PROPERTY for purposes of housing disabled individuals.

15. HARLEYVILLE's denial of property insurance at ordinary rates to ROXPROPS is discriminatory.

16. ROXPROPS has had to pay in increased premium for property insurance and is at risk of not having the ability to maintain insurance for the PROPERTY.

17. HARLEYVILLE's conduct has resulted in the denial of equal access to housing for the disabled residents of the PROPERTY.

18.  ROXPROPS must attempt to pass this increased insurance cost on to RES which will make housing "financially" less available to the disabled.

19.  ROXPROPS and the individuals residing at the PROPERTY have been harmed by: 1) HARLEYVILLE's denial of insurance on equal terms to those that are not disabled, and 2) its refusal to make an accommodation in its practices for a provider of housing to the disabled.

## COUNT II
### (Americans with Disabilities Act)

20.  Plaintiff incorporates by reference and restate herein paragraphs 1 through 19 *supra*.

21.  Under the ADA, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

22.  The ADA includes "insurance office" in its definition of public accommodation.

23.  The Department of Justice has issued a Technical Assistance Manual to provide guidance on the ADA, which states in part, "[i]nsurance offices are places of public accommodation, and, as such, may not discriminate on the basis of disability in the sale of insurance contracts or in the terms or conditions of the insurance contracts they offer."

24.  ROXPROPS seeks access to the same insurance policies and terms available to other landlords leasing to families who are not disabled persons living together.

25.  HARLEYVILLE has denied ROXPROPS equal access to its insurance policies in violation of the ADA.

26.  ROXPROPS has suffered monetary damages as a result of said violation of the ADA.

**WHEREFORE**, on the foregoing claims, Plaintiff prays for findings in its favor as follows:

    1)  That the Property houses persons in recovery from alcohol and/or drug abuse and are "handicapped" for purposes of the Fair Housing Act and ADA;
    2)  That a refusal to provide insurance for 35-37 Juniper Street, Roxbury, Massachusetts on the same terms as that afforded a two family classification is discriminatory under the Fair Housing Act and ADA.
    3)  That a refusal to provide hazard insurance for 35-37 Juniper Street, Roxbury, Massachusetts on the same terms as that afforded a two family classification is a refusal to provide a reasonable accommodation under the Fair Housing Act.

      4) That RoxProps, LLC be awarded its reasonable costs and attorney fees, pursuant to the Fair Housing Act and ADA;

      5) Compensatory and consequential damages suffered by RoxProps, LLC;

      6) Punitive damages; and

      7) Such other relief as may be just and necessary.

Dated: March 15, 2012

RoxProps, LLC
By its attorney,

*/s/Andrew J. Tine*
Andrew J. Tine (BBO#633639)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002
atine@tinelaw.com